UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MAURICE D. JACKSON #30538-074,

    Plaintiff,

v.                                                       No.:   3:06-cv-422
                                                               (VARLAN/GUYTON)

OFFICER EDMOND RANDOLPH,
UNKNOWN KNOXVILLE POLICE OFFICER,
and KNOXVILLE POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff's complaint is based upon an alleged unconstitutional public strip search, as well as the use of excessive force, by Knoxville police officers during plaintiff's arrest on December 2, 2000. His complaint was received by the court on November 1, 2006.

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Company*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face").

Accordingly, since the applicable statute of limitation began to run on plaintiff's claim on or about December 2, 2000, and since this action was not filed until November 1, 2006, plaintiff's complaint is barred by the statute of limitation and is **DISMISSED** *sua sponte*, as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. The court **CERTIFIES** that any

appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the FCI Williamsburg in Salters, South Carolina, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform

Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE