UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MAURICE D. JACKSON,

    Plaintiff,

v.                                                  No.:   3:06-cv-422
                                                              (VARLAN/GUYTON)

OFFICER EDMOND RANDOLPH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 was dismissed as time-barred. Plaintiff has filed a motion for reconsideration, which is **DENIED** for the following reasons.

Plaintiff's complaint was based upon an alleged unconstitutional public strip search, as well as the use of excessive force, by Knoxville police officers during plaintiff's arrest on December 2, 2000. His complaint was received by the court on November 1, 2006. Plaintiff claims that all charges stemming from the arrest were dismissed on October 28, 2005, and therefore he had until October 28, 2006, to timely file his complaint; he alleges that he filed his complaint on October 23, 2006.[1]

---

[1] Presumably plaintiff is alleging that he filed his complaint pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), wherein a pleading is considered "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Plaintiff's claim lacks merit; his cause of action accrued at the time of his arrest, and not when charges were later dismissed. *See Wallace v. Kato*, 127 S. Ct. 1091, 1100 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). The motion to reconsider [Court File No. 6] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE